IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHARON BROWN, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JPMORGAN CHASE & CO.,  )<br>)<br>Defendant.  ) | No. 24-cv-6560<br><br>Judge Jeffrey I. Cummings |

## ORDER

The Court has reviewed defendant's motion to dismiss, (Dckt. ##10, 11), and the briefs related thereto, (Dckt. ##15, 16). For the following reasons, and within its discretion, the Court terminates defendant's motion to dismiss, (Dckt. #10), without prejudice and with leave to renew (with any appropriate supplementation) and *sua sponte* stays this matter until after the resolution of the pending appeal before the Seventh Circuit Court of Appeals in the case captioned as *Cisneros v. Nuance Communications*, Case No. 24-2982 (7th Cir.).

To begin, "the Court has the inherent authority to stay proceedings to 'control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Purchase v. FaceApp Inc.*, No. 23-CV-2735-SPM, 2024 WL 4164753, at *9 (S.D.Ill. Sept. 12, 2024), quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "This authority exists even in the absence of a procedurally valid motion to stay." *Purchase*, 2024 WL 4164753, at *9 (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (discussing district courts' "broad discretion to stay proceedings as an incident to its power to control its own docket")). "In determining whether to grant a motion to stay, courts consider (1) whether the stay will simplify the issues and streamline the trial; (2) whether the stay will reduce the burden of litigation on the Court and the parties; and (3) whether the stay will unduly prejudice or tactically disadvantage the non-moving party." *Bernstein v. Coinbase Glob., Inc.*, No. 25-CV-05313, 2025 WL 2418409, at *2 (N.D.Ill. Aug. 21, 2025).

Here, as the parties agree, the issues presented in defendant's fully briefed motion to dismiss before this Court turn on a pure question of law regarding the construction of the Illinois Biometrics Information Privacy Act ("BIPA"), and—more specifically—the scope of the financial institution exemption set forth in Section 25(c) of BIPA. *See* 740 ILCS 14/25(c). ("Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder."). Moreover, currently at issue in the pending appeal before the Seventh Circuit in the *Cisneros* case, are the following questions (among

others): (1) Did the District Court err in dismissing plaintiff's amended complaint based on an affirmative defense (i.e., the financial institution exemption under 25(c)) on a Rule 12(b)(6) motion? and (2) Did the District Court err in dismissing plaintiff's amended complaint after holding defendant is a financial institution subject to Title V of the GLBA and therefore, pursuant to Section 25(c), exempt from any obligations under BIPA? *Cisneros*, Case No. 24-2982, Dckt. #9.

Given these issues, it "seems likely" that the Seventh Circuit Court of Appeals' forthcoming decision in *Cisneros* "will have significant effect on the ultimate disposition of the instant matter." *Jackson v. Van Kampen Series Fund, Inc.*, No. 06-CV-944-DRH, 2007 WL 1532090, at *2 (S.D.Ill. May 24, 2007) (ordering a stay *sua sponte*). Indeed, although the Court acknowledges the factual differences in the application of the financial institution exemption at issue in *Cisneros*, at a minimum the appeal will address whether the exemption is an affirmative defense appropriate for resolution on a motion to dismiss.

On the whole, because the "Seventh Circuit has the opportunity to clarify the scope of Section 25(c) of BIPA [in *Cisneros*], including whether a district court can rule on the applicability of the financial institution exemption at the motion to dismiss stage," the Court finds that a stay will streamline the issues and reduce the burden on the Court and the parties, with no apparent prejudice to either party. *Bernstein*, 2025 WL 2418409, at *3. In light of the stay, the Court terminates defendant's motion to dismiss, (Dckt. #10), without prejudice and with leave to renew (with any appropriate supplementation) following the resolution of the appeal in *Cisneros*.

The parties shall file a joint status report within 14 days of the resolution of the *Cisneros* appeal. The previously set September 26, 2025 tracking status hearing is stricken and re-set to November 24, 2025 at 9:00 a.m. (to track the case only, no appearance is required).

**Date: September 2, 2025**

**Jeffrey I. Cummings
United States District Court Judge**